IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OSSIE LUCY BB, JR.,
    Plaintiff,

vs.                                               Case No.: 3:18cv1322/LAC/EMT

NURSE BREACTH,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court upon a Response to Order to Show Cause, filed by Plaintiff who proceeds pro se and in forma pauperis ("IFP") in this civil rights action (ECF No. 57). By order entered September 11, 2019 (ECF No. 46), the undersigned directed the United States Marshals Service ("USMS") to serve process on Defendant Breach by mailing the service documents to Jail Medical, Attn: Nurse Breach, P.O. Box. 17800, Pensacola, Florida, 32522, the address provided by Plaintiff in the fourth amended complaint (ECF No. 46). On October 24, 2019, the USMS filed a notice (ECF No. 50) indicating it mailed the required documents to Defendant Breach on September 24, 2019, and that as of the date of the notice, it had received no response from Defendant Breach.

The court then entered an order (ECF No. 51) directing the USMS to personally serve Defendant Breach at the Escambia County Jail, where Plaintiff indicated Defendant Breach was employed.[1] On October 24, 2019, the USMS filed a return (ECF No. 55) indicating Defendant Breach is not, and never has been, employed at the Escambia County Jail (ECF No. 39). The court thus entered an order directing Plaintiff to show cause within thirty days why the case should not be dismissed based on the inability to serve process on Defendant Breach (the only Defendant in this case) (ECF No. 56). In response to the show cause order, Plaintiff alleges Defendant Breach "lied about her name" and suggests Breach actually is a doctor rather than a nurse, as he had indicated.

Considering the Escambia County Jail indicated that no one by the name of Breach was employed, or ever has been employed, there, and considering further that the court has made every reasonable effort to serve the only named Defendant, who Plaintiff plainly is unable to identify, much less locate, Plaintiff's claims must be dismissed. *See Smith v. Belle*, 321 F. App'x 838, 845 (11th Cir. 2009)

---

[1] Plaintiff provided no other physical address or location at which Defendant Breach could be served.

Case No.: 3:18cv1322/LAC/EMT

(unpublished) (affirming district court's dismissal of IFP plaintiff's claim against defendant for lack of service of process under Fed. R. Civ. P. 4(m)) (*citing Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008) ("The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants . . . .")).

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** based on the inability to effect service of process.

**DONE AND ORDERED** this 8th day of January 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case No.: 3:18cv1322/LAC/EMT